IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| WILDEARTH GUARDIANS,<br><br>      Plaintiff,<br><br>      v.<br><br>KEITH LANNOM, in his official capacity as Payette National Forest Supervisor; UNITED STATES FOREST SERVICE; DANIEL ASHE, in his official capacity as Director of the U.S. Fish and Wildlife Service; UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>      Defendants. | Case No. 1:16-CV-428-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

**MEMORANDUM DECISION**

The Court has before it a joint motion to stay. Both sides request the Court to stay this action pending further environmental review.

The plaintiffs filed this action on September 21, 2016, alleging that the federal defendants violated the Endangered Species Act by failing to consult with the U.S. Fish & Wildlife Service on the impacts of the Payette National Forest Travel Management Plan on bull trout, a listed species. Unknown to plaintiffs, the Forest Service had already started engaging in those very consultations – the Service had sent notice to plaintiffs but it never arrived.

The parties are now waiting for the results of the consultation, which might produce a Biological Opinion. They expect that result in December of 2017, and want to

stay this litigation for about a year (until January 30, 2018) to determine whether the Biological Opinion (or whatever results from the consultation) should be challenged.

Because the consultations began before this lawsuit was even filed, the entire premise of this action no longer exists. Without a case or controversy, this Court has no jurisdiction to proceed. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction").

Of course, the result of the consultations might prompt more litigation next year, and plaintiffs understandably want to avoid paying another filing fee to start a new lawsuit. But that lawsuit – if it is ever filed – will look entirely different than this one, with a new complaint containing completely different allegations. It is not asking much of plaintiffs to require them to pay a new fee to file a new case. Moreover, a stay would let the case languish for a year on a docket that the Court is striving to keep current in a District with only one non-Senior Article III Judge.

For all these reasons, the Court will deny the motion for a stay. The controversy concerning the consultation having been resolved, there is no longer any case or controversy before the Court. Accordingly, this action will be dismissed without prejudice to the rights of the plaintiffs to file an action once the results of the consultation are known.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket no. 14) is DENIED.

IT IS FURTHER ORDERED, that this action is DISMISSED without prejudice to the rights of the plaintiffs to file an action once the results of the consultation under the Endangered Species Act are known. The Clerk shall close this case.

DATED: February 1, 2017

B. Lynn Winmill
Chief Judge
United States District Court